**Rule 1910.16-6.  Support Guidelines.  Adjustments to the Basic Support Obligation.  Allocation of Additional Expenses.**

The trier of fact may allocate between the parties the additional expenses identified in subdivisions (a) - (e).  If under the facts of the case an order for basic support is not appropriate, the trier of fact may allocate between the parties the additional expenses.

(a)     *Child care expenses.*  Reasonable child care expenses paid by **[either parent]the parties**, if necessary to maintain employment or appropriate education in pursuit of income, shall be allocated between the parties in proportion to their monthly net incomes**[ and added to his and her basic support obligation]**.  **The court may order that the obligor's share is added to his or her basic support obligation, paid directly to the service provider, or paid directly to the obligee.**  When a **[parent]party** is receiving a child care subsidy through the Department of Human Services, the expenses to be allocated between the parties shall be the amount actually paid by the **[parent]party** receiving the subsidy.

* * *

**(1)     Documentation of the child care expenses shall be provided to the other party within a reasonable period of time after receipt unless the service provider invoices the parties separately for their proportionate share of the expense.  Allocation of expenses for which documentation is not timely provided to the other party shall be within the discretion of the court.**

(**[1]2**)  Except as provided in **[subsection (2)]subdivision (3)**, the total child care expenses shall be reduced to reflect the amount of the federal child care tax credit available to the eligible **[parent]party**, whether or not the credit is actually claimed by that **[parent]party**, up to the maximum annual cost allowable under the Internal Revenue Code.

(**[2]3**)  The federal child care tax credit shall not be used to reduce the child care expenses subject to allocation between the parties if the eligible **[parent]party** is not qualified to receive the credit.

* * *

(d)     *Private School Tuition. Summer Camp. Other Needs.*  **[The support schedule does not take into consideration expenditures for private school tuition or other needs of a child which are not specifically addressed by the guidelines. If the court determines that one or more such needs are reasonable, the expense thereof shall be allocated between the parties in proportion to their net incomes.**

The obligor's share may be added to his or her basic support obligation.]Expenditures for needs outside the scope of typical child-rearing expenses, e.g., private school tuition, summer camps, have not been factored into the Basic Child Support Schedule.

(1) If a party incurs an expense for a need not factored into the Basic Child Support Schedule and the court determines the need and expense are reasonable, the court shall allocate the expense between the parties in proportion to the parties' monthly net incomes. The court may order that the obligor's share is added to his or her basic support obligation, paid directly to the service provider, or paid directly to the obligee.

(2) Documentation of the expenses allocated under (d)(1) shall be provided to the other party not later than March 31 of the year following the calendar year in which the invoice was received unless the service provider invoices the parties separately for their proportionate share of the expense. For purposes of subsequent enforcement, these expenses need not be submitted to the domestic relations section prior to March 31. Allocation of expenses for which documentation is not timely provided to the other party shall be within the discretion of the court.

* * *